1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERLIN NORMAN BELL,

                          Petitioner,

        v.

JEFFREY A. UTTECHT,

                          Respondents.

CASE NO. C15-0076-JCC-MAT

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a state prisoner who is proceeding *pro se* and *in forma pauperis* in this habeas corpus action pursuant to 28 U.S.C. § 2254, seeks relief from a 2010 King County Superior Court judgment and sentence.  Respondent has filed an answer to petitioner's habeas petition and submitted relevant portions of the state court record.  Petitioner did not file a response.  Having carefully reviewed the petition, respondent's answer, and the state court record, the Court concludes that petitioner's federal habeas petition should be DENIED, and this action should be DISMISSED with prejudice.  The Court also concludes that a certificate of appealability should be DENIED.

## II.    FACTUAL AND PROCEDURAL HISTORY

Following a jury trial, petitioner was convicted of second degree murder and second

REPORT AND RECOMMENDATION
PAGE - 1

1   degree unlawful possession of a firearm.  Dkt. 16, Ex. 1.  On January 6, 2011, he was sentenced
2   to 310 months confinement for these crimes.  *Id.*

3        Petitioner timely appealed to the Washington Court of Appeals.  *Id.*, Ex. 4.  Through
4   counsel, he raised a single issue:  whether the trial court denied his constitutional right to present
5   a defense by improperly limiting his cross-examination of a prosecution witness.  *Id.* at 1.
6   Petitioner also filed a *pro se* statement of additional grounds, alleging that (1) the jury returned
7   guilty verdicts for manslaughter in the first degree as to Count I and murder in the second degree
8   as to Count II (Motion # 3); (2) the trial court erred in denying petitioner's request to be provided
9   a copy of his discovery for personal review prior to trial (Motion # 7); (3) the trial court erred in
10  denying petitioner's motion to redact certain statements of police and petitioner during his police
11  interrogation (Motion # 12); (4) the trial court erred by denying petitioner's motions to admit
12  certain evidence (Motions ## 13, 15, 16, 17); and (5) the trial court erred "in instructing the jury
13  on the crime of murder in the second degree, as well as murder in the first degree, for the death
14  of a <u>single person</u>" (Motion # 29).  *Id.*, Ex. 5 (emphasis in original).  On December 10, 2012, the
15  Washington Court of Appeals affirmed.  *Id.*, Ex. 3.  Proceeding *pro se*, petitioner filed a motion
16  for reconsideration, which was denied on January 18, 2013.  *Id.*, Exs. 7 & 8.

17       Petitioner filed a *pro se* petition for review in the Washington Supreme Court, arguing
18  that (1) the trial court denied his Sixth and Fourteenth Amendment rights to present a defense
19  when it precluded him from impeaching a witness, (2) the trial court erred by omitting certain
20  evidence petitioner wished to present at trial, (3) the evidence did not support his conviction for
21  second degree murder, (4) trial counsel was ineffective, (5) the judge was biased and her refusal
22  to recuse herself violated petitioners due process rights, and (6) the prosecutor failed to disclose
23  evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963).  Dkt. 16, Ex. 9.  The

REPORT AND RECOMMENDATION
PAGE - 2

1    Washington Supreme Court summarily denied petitioner's motion for discretionary review on

2    September 4, 2013.  *Id.*, Ex. 10.  The state court mandate issued on September 25, 2013.  *Id.*, Ex.

3    11.

4            Petitioner timely filed a petition for writ of certiorari with the United States Supreme

5    Court.  *Id.*, Ex. 12.  The petition was summarily denied on January 13, 2014.  *Id.*, Ex. 13.

6            Petitioner filed a motion to modify or correct his judgment and sentence in the King

7    County Superior Court, which was transferred to the Washington Court of Appeals as a personal

8    restraint petition on January 8, 2014.  *Id.*, Ex. 14.  Petitioner raised a single ground for relief:

9    "malicious prosecution and double jeopardy for said crime of murder of first degree count one

10   and second count, murder in second degree for single act (death)."  *Id.*  Petitioner filed a motion

11   to withdraw and dismiss his personal restraint petition without prejudice, which was granted on

12   May 16, 2014.  *Id.*, Exs. 15 & 16.  A certificate of finality issued the same day.  *Id.*, Ex. 17.

13           Petitioner initiated the instant federal habeas action on January 15, 2015.  *See* Dkt. 1.

14                           III.    GROUNDS FOR RELIEF

15   Petitioner identifies two grounds for relief in his petition for writ of habeas corpus:

16       (1)     "Malicious prosecution and double jeopardy for said crime of murder of
                 first degree and Count 2 murder 2 for a single act and only one shot fired."

17       (2)     "Being convicted on a non-unanimous decision from the jury."

18

19   *See* Dkt. 8 at 5, 7.

20                          IV.    EVIDENTIARY HEARING

21           The Court finds that petitioner's claims can be resolved by reference to the state court

22   record.  Therefore, an evidentiary hearing is not necessary.  *See Totten v. Merkle*, 137 F.3d 1172,

23   1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by

REPORT AND RECOMMENDATION
PAGE - 3

reference to the state court record.").

V.    DISCUSSION

Respondent argues that petitioner's habeas petition should be denied because he failed to exhaust his state remedies and his federal habeas claims are now procedurally barred. *See* Dkt. 15. As discussed below, the Court agrees that petitioner failed to exhaust his state remedies. However, although petitioner procedurally defaulted on his malicious prosecution and non-unanimous verdict claims, respondent has not shown that his double jeopardy claim is procedurally barred. Nevertheless, petitioner's double jeopardy claim may be denied on the merits because he does not raise even a colorable federal claim.

A.    Petitioner did not properly exhaust his state remedies

The exhaustion doctrine requires a petitioner to provide the state courts with the opportunity to rule on his federal habeas claims before presenting those claims to the federal courts. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). This includes apprising the state court that an alleged error is not only a violation of state law, but also a violation of the United States Constitution. *Duncan*, 513 U.S. at 365-66. Vague references to broad constitutional principles such as due process are not enough. *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Instead, a petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the

REPORT AND RECOMMENDATION
PAGE - 4

petitioner to relief.  *Gray*, 518 U.S. at 162-63.

As respondent argues, petitioner did not fairly present his malicious prosecution, double jeopardy, and non-unanimous verdict claims to the state courts.  Petitioner made reference to his first claim in his statement of additional grounds for review with the Washington Court of Appeals, but he failed to raise it as a federal constitutional claim in the Washington Supreme Court.  And although petitioner claimed malicious prosecution and double jeopardy in his personal restraint petition, he voluntarily dismissed that petition before the Washington Court of Appeals had the opportunity to rule on it, and he never presented the claims to the Washington Supreme Court.  Furthermore, having reviewed the state court record submitted by respondent, the Court has found no prior reference to petitioner's claim regarding a non-unanimous verdict.  Accordingly, petitioner failed to properly exhaust his grounds for relief.

B.      Petitioner's malicious prosecution and non-unanimous verdict claims are procedurally defaulted

Normally, a court dismisses an unexhausted petition without prejudice so that a petitioner may return to state court and exhaust his claims.  But when a petitioner is precluded from returning to state court based on a state procedural bar, his federal habeas claims are procedurally defaulted.  *Coleman*, 501 U.S. at 735 n. 1.  Under Washington law, a prisoner must file his collateral attack on a judgment and sentence within one year after the judgment becomes final.  *See* RCW 10.73.090; *see also Aguilar v. Washington*, 77 Wash. App. 596, 603 (Wash. Ct. App. 1995) (applying Washington's one-year time limit as a mandatory bar).  After the one-year period expires, a prisoner is procedurally barred from returning to state court.  The one-year limitation, however, does not apply to a claim of double jeopardy.  *See* RCW 10.73.100(3).

In this case, petitioner's malicious prosecution and non-unanimous verdict claims are procedurally defaulted because more than one year has passed since his state court judgment and

REPORT AND RECOMMENDATION
PAGE - 5

1   sentence became final.  *See* RCW 10.73.090; Wash. RAP 16.4.  Petitioner's double jeopardy

2   claim, however, is not barred by this state procedural rule.  *See* RCW 10.73.100(3).

3       Respondent also cites RCW 10.73.140 in support of his procedural default argument,

4   which provides in relevant part:

5       If a person has previously filed a petition for personal restraint, the court of
        appeals will not consider the petition unless the person certifies that he or she
6       has not filed a previous petition on similar grounds, and shows good cause why
        the petitioner did not raise the new grounds in the previous petition.

7

8   RCW 10.73.140.  Petitioner's motion to modify or correct his judgment and sentence, which he

9   filed in King County Superior Court, was transferred to the Washington Court of Appeals as a

10  personal restraint petition.  Dkt. 16, Ex. 14.  Had the Washington Court of Appeals ruled on this

11  petition, petitioner would be barred from bringing a subsequent personal restraint petition under

12  RCW 10.73.140, absent a showing of good cause.  *See In re Personal Restraint Petition of*

13  *Vazquez*, 108 Wash. App. 307, 308 (Wash. Ct. App. 2001).  But petitioner moved to withdraw

14  his personal restraint petition without prejudice, and the court granted his motion.  Dkt. 16, Exs.

15  15 & 16.  Respondent does not cite any authority establishing that under these circumstances, the

16  state courts would deem a new personal restraint petition to be barred by RCW 10.73.140.

17  Accordingly, the Court concludes that petitioner's double jeopardy claim is not procedurally

18  defaulted.

19  C.   Petitioner has not established cause and prejudice

20      When, as here, a state prisoner defaults on some of his federal claims in state court,

21  pursuant to an independent and adequate state procedural rule, federal habeas review of the

22  claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as

23  a result of the alleged violation of federal law, or that failure to consider the claims will result in

REPORT AND RECOMMENDATION
PAGE - 6

a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495-96.

Petitioner fails to demonstrate that any factor external to the defense prevented him from complying with the state's procedural rules and, thus, he has not demonstrated cause for his procedural default as to his malicious prosecution and non-unanimous verdict claims. Because petitioner has not met his burden of demonstrating cause for his procedural default, the Court need not determine whether there was any actual prejudice. *See Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). In addition, petitioner makes no showing of actual innocence. Petitioner therefore fails to demonstrate that his procedurally defaulted claims are eligible for federal habeas review. Accordingly, these claims should be denied.

D.   Merits of petitioner's double jeopardy claim

Although petitioner has not exhausted his double jeopardy claim, the Court may deny the claim on the merits if "it is perfectly clear that the applicant does not raise even a colorable

REPORT AND RECOMMENDATION
PAGE - 7

federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (citing *Granberry v. Greer*, 481 U.S. 129, 135 (1987)); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Double Jeopardy Clause of the Fifth Amendment forbids "any person be subject for the same offence to be twice put in jeopardy of life or limb." This protection applies to both successive punishments and successive prosecutions for the same criminal offense. *United States. v. Dixon*, 509 U.S. 688, 696 (1993). In support of his double jeopardy claim, petitioner states that the jury improperly convicted him of both murder in the first degree and murder in the second degree for a single act. Dkt. 8 at 5. The record makes clear, however, that the jury was unable to agree on the first degree murder charge, and instead found him guilty of first degree manslaughter. Dkt. 16, Ex. 3 at 3. The jury also found him guilty of second degree murder and that he was armed with a firearm during the commission of the offenses. *Id.* To prevent a double jeopardy violation, the trial court vacated the conviction for first degree manslaughter, and sentenced petitioner for only one count of second degree murder and one count of second degree unlawful possession of a firearm. *Id.*, Exs. 1 & 3 at 3; *see also Rutledge v. United States*, 517 U.S. 292, 306 (1996) (when a jury convicts a defendant on both a greater and lesser included offense, a trial judge should enter a final judgment of conviction on the greater offense and vacate the conviction of the lesser offense to avoid double jeopardy concerns). Given that the trial court properly vacated his conviction for first degree manslaughter, petitioner did not receive successive punishments for the same criminal offense. He does not raise even a colorable federal claim of double jeopardy, and this claim should be denied on the merits.

/ / /

REPORT AND RECOMMENDATION
PAGE - 8

## VI.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge.   A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in this action.   Thus, a certificate of appealability should be denied.

## VII.   CONCLUSION

For the reasons set forth above, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED and this action be DISMISSED with prejudice.  The Court further recommends that a certificate of appealability be denied with respect to all claims asserted in this action.  A proposed order accompanies this Report and Recommendation.

## VIII.   DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.   Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the

REPORT AND RECOMMENDATION
PAGE - 9

1   matter will be ready for consideration by the District Judge on **June 19, 2015**.

2         DATED this 26th day of May, 2015.

3

4                                        _____
                                         Mary Alice Theiler
5                                        United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 10